TIMOTHY M. BURGESS, ESQUIRE
United States Attorney
Room C-253, Federal Building and
 United States Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071

JOHN B. SNYDER, III
JAMES E. WEAVER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) (202) 305-4929

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Tax Indebtedness of<br><br>KEVIN D. WILLIAMS. | Civil No.<br><br>**PETITION FOR JUDICIAL APPROVAL OF LEVY UPON A PRINCIPAL RESIDENCE** |

The United States, by and through its undersigned counsel, petitions this Court for an order approving an administrative levy by the Internal Revenue Service upon a principal residence located at 24308 Todd Drive, Chugiak, Alaska (the "Property").

1. Jurisdiction for this petition arises under 28 U.S.C. § 1340, 26 U.S.C. § 6334(e)(1), 26 U.S.C. § 7401 and 26 U.S.C. § 7402(a). The Property is located within the jurisdiction of this Court. The petition is brought at the direction of the Attorney General of the

1437062.1

United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

2. The Internal Revenue Service may levy upon a personal residence to satisfy a liability in excess of $5,000, provided that the levy is approved, in writing, by a United States District Court Judge or Magistrate Judge. See 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1).

3. To obtain approval from the Court, the United States must demonstrate that:

   a. the liability is owed;

   b. the requirements of any applicable law or administrative procedure relevant to the levy have been met; and,

   c. no reasonable alternative for the collection of the taxpayer's debt exists.

See In re Lawrence, 2004 WL 2601103, 94 A.F.T.R. 2d 2004-6532, at *2 (D. Ariz. 2004) (citing relevant legislative history) (copy attached as Ex. 1); see also 26 C.F.R. 301.6334-1(d)(1) (setting forth the standard and the procedure for obtaining approval for the levy).

4. The Property known as 24308 Todd Drive, Chugiak, Alaska, is more fully described as follows:

> Lot 21, Eklutna West Subdivision, according to the official plat thereof, filed under Plat No. 72-186; records of the Anchorage Recording District, Third Judicial District, State of Alaska. Excepting therefrom that portion conveyed to State of Alaska Department of Transportation and Public Facilities in Warranty Deed recorded March 21, 1980, in Book 481 at Page 231.

5. By this Petition, the United States seeks approval for the Internal Revenue Service to levy upon the Property in order to collect amounts owed by the sole owner of the Property, Kevin D. Williams.

6. In support of this petition, the United States submits a declaration of Cartha

Haworth, SBSE Group Manager for the Internal Revenue Service. A delegate of the Secretary of the Treasury has made assessments against Kevin D. Williams for unpaid federal income taxes, penalties and interest for the income tax years 1994, 1995, 1996, 1997, 1998, 1999 and 2001. (Haworth Dec. ¶ 4).

7. Despite timely notice and demand for payment of the assessments described in paragraph 6, above, Mr. Williams has neglected or refused to make payment of the amount owed to the United States, and there remains due and owing on those assessments, including interest and penalty accruals through November 30, 2005, an amount of $133,242.98. (Haworth Dec. ¶ 5). Interest and other statutory additions continue to accrue as provided by law.

8. The Internal Revenue Service has followed the requirements of applicable law and administrative procedures relevant to a levy upon the Property. Notices of assessment were sent to Mr. Williams after each assessment. Collection due process notices were sent in connection with each lien and levy. Notice regarding seizure of the Property was sent to Mr. Williams. (Haworth Dec. ¶ 6). Notices of federal tax lien filing with respect to the Property are attached to the Haworth Declaration as Exhibits "H" through "J."

9. The Internal Revenue Service has attempted to satisfy the unpaid liabilities of Mr. Williams from assets other than the Property, has made a thorough consideration of alternative collection methods to satisfy the unpaid liabilities, has concluded there is equity in the Property sufficient to yield net proceeds from the sale, and has concluded that there are no reasonable alternatives available for collecting the unpaid amounts owed by Mr. Williams. (Haworth Dec. ¶ 7).

WHEREFORE, the United States prays that:

A. This Court enter the attached Notice and Order to Show Cause; and

B. If no written Objection to the Petition is filed with the Clerk of the Court within 25 days from the date of the Notice and Order to Show Cause, the Court enter an order approving the administrative levy on the Property, to be executed by any authorized officer of the Internal Revenue Service; and

C. If a written Objection to the Petition is timely filed with the Clerk of the Court, that the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter a further order approving the administrative levy on the Property, to be executed by any authorized officer of the Internal Revenue Service.

Dated this 4th day of January, 2006.

Respectfully submitted,

TIMOTHY M. BURGESS, ESQUIRE
United States Attorney

JOHN B. SNYDER, III
JAMES E. WEAVER
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6548

1437062.1