Westlaw.

Not Reported in F.Supp.2d
Page 1
Not Reported in F.Supp.2d, 2004 WL 2601103 (D.Ariz.), 94 A.F.T.R.2d 2004-6532
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents

United States District Court,D. Arizona.
In the Matter of indebtedness of Dennis and Melissa LAWRENCE
**No. CV 04-120-PHX-SMM.**

Oct. 4, 2004.

John B. Snyder, III, U.S. Department of Justice, Washington, DC, for Plaintiff.
Gregory A. Robinson, Esq., Farley Robinson & Larsen, Phoenix, AZ, for Defendants.

ORDER

MCNAMEE, Chief J.
*1 Pending before the Court is the United States Motion for Judicial Approval of a Levy upon a Principal Residence. After considering the arguments raised by the parties in their briefing and during the hearing, the Court now issues the following rulings.

BACKGROUND

The Internal Revenue Service made assessments against Dennis and Melissa Lawrence for unpaid taxes for the years 1994 through 1999. Shortly thereafter, the IRS filed notices of a federal tax lien against Defendants' principal residence. Defendants did not request a collection Due Process Hearing at that time. Additionally, Defendants did not contest the assessments with the United States Tax Court.

On January 20, 2004, the United States filed its petition for judicial approval of a levy upon Defendants' principal residence pursuant to 26 U.S.C. § 6334(e)(1)(A). Defendants filed a Response and after the issue was fully briefed, the Court held a hearing. In their briefing and during the hearing, Defendants advanced multiple arguments regarding the underlying tax liabilities but conceded that the government had met the procedural requirements for filing for judicial approval of a levy of a principal residence.

STANDARD OF REVIEW

Title 26 United States Code § 6334(a)(13)(B)(i) provides the principal residence of a taxpayer is exempt from levy unless under Section 6334(e)(1)(A), a judge or magistrate of a District Court of the United States approves, in writing, the levy of such residence.

In 1998, Congress passed the IRS Restructuring and Reform Act (RRA 98) amending the Internal Revenue Code to provide for written approval as currently set forth in Section 6334(e)(1)(A). Prior to RRA 98, Section 6334(a)(13) provided that the principal residence of the taxpayer was

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 1
PAGE 1 of 5

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2004 WL 2601103 (D.Ariz.), 94 A.F.T.R.2d 2004-6532
**(Cite as: Not Reported in F.Supp.2d)**

exempt from levy in the absence of jeopardy or certain approval. Section 6334(c) permitted levy if an IRS district director or assistant district director personally approved, in writing, the levy of property, or the Secretary determined that the collection of tax was in jeopardy.

However, as amended, Section 6334(e)(1)(A) now mandates judicial approval prior to levy of a taxpayer's principal residence. According to the Conference Report for RRA 98, approval is warranted where the Government can show "(1) that the requirements of any applicable law or administrative procedure relevant to the levy have been met, (2) that the liability is owed, and (3) that no reasonable alternative for the collection of the taxpayer's debt exists." IRS Restructuring and Reform Act of 1998, Conference Report to Accompany H.R. 2676, H.R. Conf. Rep. No. 105-599, 105th Cong., 2d Sess., at 267.

DISCUSSION

On January 20, 2004, the United States Government, through the office of the Internal Revenue Service and the Department of Justice, filed for Judicial Approval of a levy of a principal residence. The residence, owned by Mr. Dennis Lawrence and Mrs. Melissa Lawrence, is located at 2256 Jeager Street in Mesa, Arizona 85213.

*2 On March 3, 2004, Defendants filed an Answer to the Order to Show Cause contesting the merits of the tax liability.

Additionally, both parties appeared at the hearing held on April 12, 2004. During the hearing, Defendants advanced multiple arguments on the underlying tax liabilities. However, the Defendants were unable to refute the government's prima facie case.

Although Section 6334(e)(1)(A) does not expressly set forth guidelines for when a levy may be applied to a principal residence, the Conference Report for RRA 98 states that a levy against a principal residence is only appropriate where the Government has shown "(1) that the requirements of any applicable law or administrative procedure relevant to the levy have been met, (2) that the liability is owed, and (3) that no reasonable alternative for the collection of the taxpayer's debt exists." IRS Restructuring and Reform Act of 1998, Conference Report to Accompany H.R. 2676, H.R. Conf. Rep. No. 105-599, 105th Cong., 2d Sess., at 267. Here, the Court is satisfied that the foregoing requirements have been met, and each will be addressed in turn.

*A. Procedural Requirements*

Before a levy can be effective, certain procedural steps must be followed by the Internal Revenue Service including: a tax assessment, a ten day notice and demand for payment under 26 U.S.C. §§ 6303, 6331(a), expiration of the ten day period without payment by the taxpayer, a final notice before levy under Section 6331(d), a notice of intention to levy with notification of rights to a Collection Due Process hearing under

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 1
PAGE 2 of 5

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2601103 (D.Ariz.), 94 A.F.T.R.2d 2004-6532
(Cite as: Not Reported in F.Supp.2d)

Page 3

Section 6330 and expiration of a thirty day period following the notice of intention to levy.

Here, the first requirement set forth in the Conference Report for RRA 98 concerning procedural adherence is not in dispute. The Defendants have not asserted that the Government failed to follow all relevant procedures, either in their written objection to the Government's petition or during the hearing.

*B. Tax Liability Owed*

The second requirement of the Conference Report for RRA 98-that the liability is owed-is contested by the Defendants. At issue is whether the Court should consider the merits of Defendants' tax liability. Defendants assert that the calculation and determination of their tax liability is incorrect, and therefore the liability identified by the Government is not "owed" for purposes of the Conference Report for RRA 98. This is an issue of first impression in this District, and neither the applicable statute nor case law dictates what is to be considered by the Court in determining whether a tax liability is owed.

However, Section 6334(e) does not provide that the hearing shall be a means for disputing the underlying merits, whereas such a provision does exist in other sections of the code. FN1 From the exclusion of a provision enumerating that the merits are to be disputed at the hearing, the Court can infer that Congress did not intend to give the courts that duty. The Court finds it implausible that Congress intended Section 6334(e)(1)(A) to provide an avenue for further review of the propriety of tax liabilities in this context. In light of the considerable procedural protections available to all taxpayers, the premise that a judge or magistrate of a District Court should serve as purveyor of tax liability determinations at a Section 6334(e)(1)(A) proceeding is misguided. Allowing any taxpayer to ignore repeated attempts by the Government to claim tax liabilities, in favor of contesting all disputes in District Court potentially years down the road and only when a levy appears imminent, would be burdensome on the Courts, would encourage individuals to ignore the assessments and allow information to grow stale, and would allow interest, where appropriate, to unnecessarily accrue. The Court concludes that Congress envisioned a better course of action which includes use of various procedural protections well before the dispute reaches District Court.

> FN1. For example, see Section 6330(c)(2)(B) giving the taxpayer the right to challenge the merits of the underlying liability.

*3 In further support of this view, the Court finds persuasive the proposed IRS regulations cited to by the Government. These regulations are molded in the belief that the several methods available to challenge tax liability provide the taxpayer with every opportunity to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit 1
3 of 5

Not Reported in F.Supp.2d                                                                                                  Page 4
Not Reported in F.Supp.2d, 2004 WL 2601103 (D.Ariz.), 94 A.F.T.R.2d 2004-6532
**(Cite as: Not Reported in F.Supp.2d)**

ensure the accuracy of an assessment. Significantly, these regulations specifically preclude the District Court from serving as a "review board" by expressly stating with regard to Section 6334(e)(1)(A) proceedings that "[t]he taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding." Property Exempt From Levy, 68 Fed.Reg. 49730 (proposed August 19, 2003) (to be codified at 26 C.F.R. pt. 301).

Accordingly, here the Court does not reach the propriety of Defendants' tax liability. In so doing, the Court construes Section 6334(e)(1)(A) to be a procedural safeguard against the wrongful levy of a principal residence rather than providing an additional forum for challenging the merit of incurred tax liabilities.

However, it should be noted again that procedures for addressing tax liability are several, and were available to the Defendants on a continual basis commencing in 1994. A non-exhaustive list of methods by which to challenge tax liability includes filing a petition with the United States Tax Court, paying the disputed taxes and subsequently filing a refund claim, or requesting a Collection Due Process hearing prior to the issuance of a levy—all of which were not utilized by Defendants here.

Therefore, the Court finds that the Government adequately showed, in the form of Certificates of Assessments and Payments, that tax liabilities owed by Defendants have not been satisfied. Further, the Court finds that it has no jurisdiction to weigh the merits of tax liability under Section 6334(e)(1)(A).

*C. Collection Alternatives*

The third requirement, mandating the Government show that no reasonable alternative for the collection of the taxpayer's debt exists, also has been met. Namely, the Government demonstrated that the residence was Defendants' only asset of substantial worth and that the liability would have to be payed by a second mortgage of the residence. Therefore, the Court finds that a levy on Defendants' principal residence is the only feasible means the Government may employ to secure Defendants' tax liability.

CONCLUSION AND ORDER

The Court, having found that it does not have jurisdiction to consider the merits of Defendants' tax liability, finds that all three requirements set forth by the Conference Report for RRA 98 have been satisfied. Accordingly, the Government may levy Defendants' principal residence to recoup Defendants' tax liabilities as a matter of law.

ACCORDINGLY,

IT IS ORDERED the Government's Petition for Judicial Approval of Levy upon a Principal Residence is GRANTED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 1
PAGE 4 of 5

Not Reported in F.Supp.2d  Page 5
Not Reported in F.Supp.2d, 2004 WL 2601103 (D.Ariz.), 94 A.F.T.R.2d 2004-6532
**(Cite as: Not Reported in F.Supp.2d)**

D.Ariz.,2004.
In re Lawrence
Not Reported in F.Supp.2d, 2004 WL 2601103 (D.Ariz.), 94 A.F.T.R.2d 2004-6532

Briefs and Other Related Documents (Back to top)

• 2:04CV00120 (Docket) (Jan. 20, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 1
PAGE 5 of 5